UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROHAN K. BALGOBIN and NATASHA BALGOBIN § § § Plaintiffs. § § VS. § JPMORGAN CHASE BANK, N.A.; § RUSHMORE LOAN MANAGEMENT § SERVICES, LLC; WILMINGTON § SAVINGS FUND SOCIETY, FSB; and § DOES 1-X § § Defendants. § | CIVIL ACTION NO. 3:18–CV–00114 |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and Brief in Support ("JPMorgan's Motion to Dismiss") (Dkt. 13); Defendants' Motion to Dismiss ("Rushmore/Wilmington's Motion to Dismiss") (Dkt. 23); and Motion to Strike Defendants, Rushmore Loan Management Services, LLC and Wilmington Savings Fund Society, FSB Affirmative Defenses, Subject to Their Motion to Dismiss for Failure to State a Claim ("Motion to Strike") (Dkt. 27). The motions were referred to this Court by United States District Court Judge George C. Hanks, Jr. for report and recommendation. Dkt. 33. For the reasons stated below, the Court **RECOMMENDS** that JPMorgan's Motion to Dismiss and Rushmore/Wilmington's Motion to Dismiss be **GRANTED**, and the Motion to Strike be **DENIED**.

## FACTUAL BACKGROUND

Plaintiffs Rohan K. Balgobin and Natasha Balgobin (collectively the "Balgobins") allege that on December 26, 2007, Rohan K. Balgobin obtained a loan in the amount of $170,000 from Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("WaMu") to secure the mortgage on a property located at 9903 Ashley Lane, Baytown, Texas 77521 (the "Property").

According to the Complaint, the Office of Thrift Supervision closed WaMu on September 25, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver.  After the closure, JPMorgan Chase Bank, N.A. ("JPMorgan") claims it acquired certain assets and liabilities of WaMu from the FDIC as receiver for WaMu, including the Balgobins' mortgage loan and corresponding promissory note.  The Balgobins assert that JPMorgan did not purchase the referenced mortgage loan from WaMu.

On April 5, 2018, the Balgobins filed suit against JPMorgan, Rushmore Loan Management Services, LLC ("Rushmore"),[1] and Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington")[2] (collectively "Defendants"), seeking, among other things, a declaration that Defendants lack any interest in the Property which would permit them to foreclose on the Property and/or evict the residents of the Property.

---

[1] Rushmore contends that it is the current servicer of the mortgage.

[2] Wilmington claims it currently owns the promissory note ("Note") and deed of trust ("Deed of Trust") related to the Property.

The Balgobins allege seven causes of action against Defendants: (1) wrongful foreclosure; (2) breach of duty of good faith and fair dealing; (3) slander of title; (4) violations of Section 12.002 of the Texas Civil Practice and Remedies Code; (5) suit to quiet title; (6) declaratory judgment; and (7) injunctive relief.

Defendants have moved to dismiss each cause of action.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). When conducting its inquiry, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Harrington v. State Farm & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal quotation marks and citation omitted).

# ANALYSIS

**A.     THE MOTION TO STRIKE**

Rushmore and Wilmington have asserted nine affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) the Balgobins' first and material breach of contract; (3) truth; (4) absence of malice; (5) adequate remedy at law; (6) unclean hands; (7) lack of express or implied duty; (8) estoppel; and (9) lack of a substantial and continuing controversy between adverse parties.

The Balgobins' Motion to Strike requests that the Court strike the affirmative defenses of Rushmore and Wilmington under Federal Rule of Civil Procedure 12(f).  This rule permits the Court to strike "an insufficient defense or any redundant, immaterial, or scandalous matter."  FED. R. CIV. P. 12(f).

Motions to strike under Rule 12(f) are disfavored and should not be granted unless it is clear that the matter to be stricken can have no possible bearing on the subject matter of the litigation.  *See Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962) (A motion to strike under Rule 12(f) "is a drastic remedy to be . . . granted only when the pleading to be stricken has no possible relation to the controversy."); *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.").

With this standard in mind, the Court determines that the Balgobins' Motion to Strike is without merit.  As Rushmore and Wilmington correctly note: "Each of the

affirmative defenses raised by Rushmore and Wilmington are directly relevant to the controversy at issue and are appropriate and relevant responses to allegations made in Plaintiffs' pleading." Dkt. 28 at 2.  It is notable that one of the affirmative defenses the Balgobins seek to strike is failure to state a claim upon which relief can be granted—the very defense which forms the basis of Rushmore/Wilmington's Motion to Dismiss.  As such, the Court recommends that the Motion to Strike be denied.

### B.  THE MOTIONS TO DISMISS

Because JPMorgan's Motion to Dismiss and Rushmore/Wilmington's Motion to Dismiss both attack each cause of action advanced by the Balgobins, it makes sense to consider both motions to dismiss at the same time.  In doing so, the Court will analyze, one-by-one, the seven causes of action asserted by the Balgobins in the Complaint.

#### 1.  **Wrongful Foreclosure**

To make out a wrongful foreclosure claim under Texas law, a plaintiff must show (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted) (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

Even taking the facts in the light most favorable to the Balgobins, the Complaint does not support a wrongful foreclosure claim.  The Balgobins allege no facts that Defendants actually foreclosed on the Property.  This is critical because the existence of a foreclosure sale is a requirement under Texas law for a wrongful foreclosure claim.  *See*

5

*Filgueria v. US Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law."); *Kissoon v. PNC Mortg.*, No. H-13-3571, 2014 WL 126002, at *2 (S.D. Tex. Jan. 11, 2014) (holding that the plaintiff failed to state a claim for wrongful foreclosure because he failed to allege the sale of the property).

To the extent the Balgobins would like to characterize their claim as attempted wrongful foreclosure, such an effort fails because Texas does not recognize a cause of action for attempted wrongful foreclosure. *See Port City State Bank v. Leyco Constr. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ) ("[P]laintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action.").

In short, because there has not been a foreclosure sale, the Balgobins' wrongful foreclosure claim should be dismissed.

### 2. Breach of Duty of Good Faith and Fair Dealing

The Balgobins next assert that Defendants have violated the duty of good faith and fair dealing. In advancing this argument, the Balgobins contend that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Dkt. 24 at 6. The Balgobins are flat-out wrong. The Texas Supreme Court has consistently held that "a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." *FDIC*

6

*v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990) (collecting cases). *See also Arnold v. Nat'l Cty. Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987) ("While this court has declined to impose an implied *covenant* of good faith and fair dealing in every contract, we have recognized that a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract.") (citation omitted).

The relationship between the parties in this case is, at most, that of mortgagor and mortgagee. It is well-settled that a special relationship does not exist within the confines of a mortgagor and mortgagee relationship. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("[t]here is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing.") (citation omitted); *Caton v. Leach Corp.*, 896 F.2d 939, 949 n.8 (5th Cir. 1990) (recognizing that under Texas law "no special relationship [giving rise to a duty of good faith and fair dealing] existed between mortgagee and mortgagor"); *Coleman*, 795 S.W.2d at 709 ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests."); *Lovell v. W. Nat'l Life Ins. Co.*, 754 S.W.2d 298, 302 (Tex. App.—Amarillo 1988, writ denied) ("[T]here exists no special relationship between the [borrowers and note-holder] and, therefore, no duty of good faith and fair dealing is implied.").

Because the Balgobins cannot point to any special relationship between themselves and Defendants, Texas law requires that the claim for a breach of duty of good faith and fair dealing be dismissed as matter of law.

### 3. Slander of Title

"Slander of title" is a "false and malicious statement made in disparagement of a person's title to property which causes special damages." *Allen-Pieroni v. Pieroni*, 535 S.W.3d 887 (Tex. 2017) (quoting *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, 223 S.W.3d 1, 20 (Tex. App.—El Paso 2005, pet. denied)). To succeed on a claim of slander of title, a plaintiff must establish six elements: "(1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale." *Van Duzer v. U.S. Bank Nat. Ass'n,* 995 F. Supp. 2d 673, 695 (S.D. Tex. 2014) (citing *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ ref'd)).

The Complaint's slander of title allegations fail because the Balgobins do not identify any false or malicious statement published by Defendants that disparaged any real property rights. And even if the Balgobins did, hypothetically, identify a false or malicious statement, there are no facts pled alleging the loss of a specific sale, as required under Texas law. *See Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). Plaintiffs, like the Balgobins, who do not meet these pleading burdens may not recover damages. *See id.* at 905 ("We hold that [plaintiffs] were required to prove the loss of a specific sale or sales in order to recover on their slander of title action."). As such, the Balgobins' slander of title claim fails and must be dismissed.

### 4. Section 12.002 of the Texas Civil Practice and Remedies Code

Next, the Complaint cursorily alleges that Defendants have violated Section 12.002 of the Texas Civil Practice and Remedies Code. In its entirety, the Complaint's Section 12.002 allegations are as follows: "Furthermore, Defendants, collectively, have violated V.T.C.A. § Sec. 12.002, by filing fraudulent assignments and Removal of Trustee and Appointments of Substitution of Trustees." Dkt. 1-1 at 19.

A claim under Section 12.002(a) has three elements:

> [T]he defendant (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.) (quoting TEX. CIV. PRAC. REM. CODE §12.002(a)).

To survive a motion to dismiss, the Balgobins must, at a bare minimum, allege sufficient facts satisfying each element of a claim under Section 12.002(a). They do not come close to doing so. The Balgobins' allegations fail to state a claim for relief under Section 12.002 and must be dismissed because they have not alleged any facts indicating that Defendants made, presented, or used any allegedly fraudulent instrument; intended that an allegedly fraudulent instrument be given the same legal effect as a valid instrument; or intended to cause the Balgobins physical injury, financial injury, or mental anguish. Accordingly, the Balgobins' claims under Section 12.002 are subject to dismissal because "the complaint lacks an allegation regarding a required element necessary to obtain relief."

*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks and citations omitted).[3]

### 5. Quiet Title

The Balgobins' quiet title action is based on the allegation that Defendants do not have the authority to foreclose on the Property because there is an incomplete chain of assignments and transfers of the Note and Deed of Trust.

To pursue an action to quiet title, a plaintiff must plead the following elements: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant and (3) the claim, although facially valid, is invalid or unenforceable. *See Vernon v. Perrien*, 390 S.W.3d 47, 61–62 (Tex. App.—El Paso 2012, pet. denied). A plaintiff must recover on the strength of his title, not the weakness of his adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Importantly, the Balgobins do not dispute the validity of the Note or Deed of Trust. Indeed, at oral argument, the Balgobins readily admitted that the Note and Deed of Trust in this case are valid and enforceable. Texas law is clear: a challenge to the validity of assignment of a deed of trust that does not also challenge the validity of the deed of trust itself cannot serve as the basis for a quiet title claim. *See Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014) ("[A]rguments that merely question the validity of an assignment of a deed of trust . . . are not a sufficient basis for a quiet title action under

---

[3] Even bending over backwards to provide the Balgobins every conceivable benefit of doubt, there is simply no way to escape the conclusion that the Complaint fails to comply with the particularity requirement for alleging fraud required by Fed. R. Civ. P. 9(b).

Texas law."). The Fifth Circuit's opinion in *Morlock L.L.C. v. JPMorgan Chase Bank, N.A.*, 586 F. App'x 631 (5th Cir. 2013) is instructive. In *Morlock*, the plaintiff contested whether the deed of trust had been properly assigned to the defendant. *Id.* The Fifth Circuit held that, because the plaintiff did not contest the validity of the deed of trust or claim an interest superior to the defendant, there was no valid quiet title action. *See id.* at 633. The Fifth Circuit noted that the plaintiff's claim failed since it merely questioned the defendant's "authority to enforce the [d]eed of [t]rust." *Id.* The same logic applies here and forecloses the Balgobins' ability to proceed on the quiet title cause of action.

### 6. Declaratory Relief

The Balgobins request declaratory relief as a separate cause of action. Specifically, they ask for declarations that:

- Defendants "lack any interest in the Property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties [sic];" and

- "[T]he trust deed is not a lien against the subject properties [sic], ordering immediate release of the trust deed of record, and quiet title to the subject properties in Plaintiffs against Defendants and all claiming by, through, or under them.

Dkt. 1-1 at 22.

In determining whether declaratory relief is appropriate, the Court first notes that the Federal Declaratory Judgment Act "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (citation omitted). Because the Court has already recommended dismissal of the substantive claims brought in the Complaint, there is no underlying legal

11

action upon which the Balgobins may receive declaratory relief. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (finding that because "declaratory judgment is remedial in nature" a determination that the underlying causes of action were properly dismissed "likewise warrants affirmance of the court's dismissal of [a] request for declaratory judgment") (citation omitted); *Verdin v. Fed. Nat'l Mortg. Ass'n,* 540 F. App'x 253, 257 n.4 (5th Cir. 2013) ("Verdin's request for an accounting and for declaratory judgment both fail because the district court properly disposed of his underlying substantive claims."); *Garrett v. U.S. Bank, Nat. Ass'n*, No. H-13-595, 2013 WL 2368341, at *2 (S.D. Tex. May 29, 2013) (dismissing declaratory judgment claim where plaintiff "alleged no facts to show a justiciable controversy"). The declaratory judgment claim should, therefore, be dismissed.

### 7.     **Injunctive Relief**

Lastly, the Balgobins request that the Court issue an injunction to prevent Defendants from proceeding with a foreclosure sale of the Property pending a trial on the merits of the case. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). As noted above, the Balgobins do not have viable claims against Defendants and thus, they have no basis for injunctive relief.

### CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that JPMorgan's Motion to Dismiss (Dkt. 13) and Rushmore/Wilmington's Motion to Dismiss (Dkt. 23) be **GRANTED**, and the Motion to Strike (Dkt. 27) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 15th day of February, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE